**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlos HERNANDEZ–ROMERO,**
**Defendant–Appellant.**

No. 00–50520.

D.C. No. CR–00–00636–JNK.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2001 *.

Submission withdrawn May 11, 2001.

Resubmitted April 15, 2002.

Decided May 3, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a).

Before MAGILL,** McKEOWN, and FISHER, Circuit Judges.

MEMORANDUM ***

Carlos Hernandez–Romero pleaded guilty to importing about 130 kilograms of marijuana into the United States, in violation of 21 U.S.C. §§ 952 and 960. The district court sentenced Hernandez–Romero to twenty-one months imprisonment and three years supervised release. Hernandez–Romero appeals his conviction and sentence, but we affirm.

I.

▮ Hernandez–Romero first argues that 21 U.S.C. § 960 is facially unconstitutional. This Court rejected that argument in *United States v. Mendoza–Paz*, 286 F.3d 1104 (9th Cir.2002). Hernandez–Romero's sentence also withstands any challenge under *Apprendi v. New Jersey*,

530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. The district court sentenced Hernandez–Romero to twenty-one months imprisonment and three years supervised release for importing about 130 kilograms of marijuana into the United States. The maximum sentence for importing more than 100 kilograms of marijuana is 40 years. 21 U.S.C. § 960(b)(2)(G). The maximum sentence for importing less than fifty kilograms of marijuana is five years. 21 U.S.C. § 960(b)(4).

▮ Hernandez–Romero contends that this Court should add the period of supervised release to his prison sentence, thereby making his total sentence over five years and supposedly requiring reversal of the sentence under *Apprendi*. However, § 960(b)(4) provides separately for terms of imprisonment, with a maximum of five years, and terms of supervised release, with a minimum of one year and no maximum. 21 U.S.C. § 960(b)(4). Therefore, courts cannot add a defendant's prison sentence to his term of supervised release in calculating the defendant's total sentence for *Apprendi* purposes. Accordingly, because the district court did not expose Hernandez–Romero to a sentence greater than five years imprisonment, *Apprendi* does not apply.

▮ Hernandez–Romero next argues that this Court should grant him a four-level downward adjustment under U.S.S.G.

** Honorable Frank J. Magill, Senior United States Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

§ 3B1.2(a) for playing a minimal role in the underlying offense. The district court granted Hernandez–Romero a two-level downward adjustment pursuant to § 3B1.2(b) for playing a minor role in the offense. This Court reviews the district court's finding that the defendant was not a minimal participant under § 3B1.2 for clear error. *United States v. Hursh*, 217 F.3d 761, 770 (9th Cir.2000).

Section 3B1.2 provides:

Based on the defendant's role in the offense, decrease the offense level as follows:

(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

U.S. Sentencing Guidelines Manual § 3B1.2 (2001). The commentary to § 3B1.2 cautions courts to award downward adjustments for being a minimal participant "infrequently." *Id.* at § 3B1.2 cmt. n. 4. Thus, § 3B1.2(a) covers defendants "who are plainly among the least culpable of those involved in the conduct of a group.... [T]he defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant." *Id.*

In arguing for a downward adjustment under § 3B1.2(a), Hernandez–Romero asserts that he was merely a one-time courier. However, this Court has noted that just because "a defendant acted as a drug courier does not mean his role was minimal or minor." *United States v. Davis*, 36 F.3d 1424, 1436 (9th Cir.1994). Hernandez–Romero also asserts that he was among the least culpable in the drug operation in which he took part. In determining the participation level of a defendant, the district court must examine the defendant's "culpability relative to the involvement of other likely actors," such as the supplier and distributor. *United States v. Rojas–Millan*, 234 F.3d 464, 473–74 (9th Cir.2000). However, just because a defendant is less culpable than other participants in the drug operation "does not necessarily entitle [the defendant] to a minimal or minor role adjustment." *Ajala v. United States Parole Comm'n*, 997 F.2d 651, 656 (9th Cir.1993).

Here, the district court found that others in the drug operation, such as those who pick, water, and bundle the marijuana, are less culpable than Hernandez–Romero. Moreover, Hernandez–Romero smuggled about 130 kilograms of marijuana. Although Hernandez–Romero's claim that district courts should not focus on the amount of drugs smuggled by a courier has some support in the Guidelines, the district court referred to the large amount of marijuana imported here simply to show that Hernandez–Romero previously may have smuggled marijuana into the United States. The district court stated that drug suppliers usually start using couriers with small amounts of drugs "to see how they take it" and increase the amounts if the courier is successful.

In a similar case, this Court upheld the denial of a two- or four-level adjustment under § 3B1.2, where the defendant "was the driver and sole occupant of a vehicle in which a substantial amount of marijuana [about fifty-nine pounds] was hidden, and the evidence proved that [the defendant] knew the drugs were in the gas tank." *Hursh*, 217 F.3d at 770; *see also Davis*, 36 F.3d at 1436–37 (holding that the district court did not clearly err in refusing to award the defendant a downward adjustment for playing a minimal or minor role in the offense where the defendant knew

that he was carrying drugs and planned on accepting money in return). Here, Hernandez–Romero was the driver and sole occupant of the car in which a substantial amount of marijuana was hidden, and Hernandez–Romero admitted that he knew that marijuana was in the gas tank. Therefore, Hernandez–Romero's sentence is affirmed.

## II.

We AFFIRM the district court.